CHARLES F. PREUSS (State Bar No. 45783)
THOMAS W. PULLIAM, JR. (State Bar No. 46322)
MICHELLE A. CHILDERS (State Bar No. 197064)
DRINKER BIDDLE & REATH LLP
50 Fremont, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
DePUY ORTHOPAEDICS, INC. and
WILLIAM FRANCIS GILES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. GALLAGHER and KATHLEEN ANN GALLAGHER,<br><br>Plaintiffs,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., a foreign corporation; WILLIAM FRANCIS GILES, an individual; and DOES 1-25,<br><br>Defendants. | Case No. C 05 4313 JCS<br><br>**STIPULATION AND PROTECTIVE ORDER [REVISED]** |

Plaintiffs, Thomas J. Gallagher and Kathleen Ann Gallagher, and Defendants Depuy Orthopaedics, Inc. and William Francis Giles, (hereinafter referred to as "DePuy") hereby stipulate and agree, through their respective attorneys of record as follows:

1. DePuy may designate as confidential material all or any part of documents produced by them in response to initial disclosures, various interrogatories and requests for production of documents filed by plaintiffs herein. DePuy agrees that the designation of material as confidential shall be made by them only after a bona fide determination that the material is in fact a trade secret or other confidential research, commercial or proprietary information.

2. The designation of confidential material shall be made by placing or

affixing on the material in a manner which will not interfere with its legibility the words "Confidential: Protective Order" or words to that effect. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material. Deposition testimony or any portion thereof may be designated "Confidential" on the record at the time of the deposition or within a reasonable time after receipt of the deposition transcript. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as copies), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order. If timely corrected, an inadvertent failure to designate qualified information as "Confidential" does not waive DePuy's right to secure protection under this Order for such material.

3. Material or information designated as confidential under this Stipulation and Protective Order shall not be used or disclosed by plaintiffs, or their counsel or any person acting on their behalf to any other persons except as provided for hereinafter or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein.

4. Counsel for plaintiffs shall not disclose or permit the disclosure of any material or information designated as confidential under this Stipulation and Protective Order to any other person or entity, except in the following circumstances:

(a) Disclosure may be made to employees of counsel for plaintiffs who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulation and Protective Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter, "expert") employed by plaintiffs or their counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Stipulation and Protective Order by executing the Confidentiality Agreement annexed hereto

as Exhibit "A." A copy of each executed Confidentiality Agreement shall be furnished to counsel for DePuy prior to disclosure to the expert. In no event shall any disclosure be made to employees, officers or directors of any competitors of DePuy, irrespective of whether they are retained as an expert for plaintiffs.

(c) Disclosure may be made to plaintiffs to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, plaintiffs shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulation and Protective Order requiring that the material and information be held as confidential and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A."

(d) Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal) as provided hereinafter in paragraph 7 or 8..

(e) Disclosure may be made to Court reporters used in connection with the litigation.

(f) Disclosure may be made to any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation.

(g) Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter.

(h) Disclosure may be made to employees of outside copying, document imaging and facsimile services.

(i) Disclosure may be made to witnesses or deponents in the course of this litigation, only as necessary for the litigation and only after the person to whom such disclosure is made has been informed of the Protective Order and has agreed in writing to be bound by it, by signing the form of acknowledgement attached to this Protective Order as Exhibit "A". The executed acknowledgement shall be retained by plaintiffs' counsel, with a copy provided to DePuy's counsel on request.

5. The counsel for plaintiffs shall keep all material or information designated as confidential which is received under this Stipulation & Protective Order within its exclusive possession and control, except as provided hereinafter in paragraph 6, and shall

DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104

SF1\373902\1

STIPULATION AND PROTECTIVE ORDER

3

CASE NO. C 05 4313 JCS

1  maintain such material and information in their offices or other secure facility.  Except as
2  provided in paragraph 4 above, no person shall have access to the foregoing material and
3  information.
4        6.     Any person having access to material or information designated
5  confidential under this Stipulation & Protective Order, including consultants and experts,
6  shall not make copies, extracts, summaries, or descriptions of the material or information
7  or any portion thereof, except as convenient or necessary for the preparation and trial of
8  this litigation.
9        7.     Material or information claimed to be confidential that is subject to a
10  dispute as to whether it is in fact confidential material or information shall, until further
11  order of the Court, be treated as confidential in accordance with the provisions of this
12  Stipulation & Protective Order.  DePuy's designation of material or information as
13  confidential shall not be controlling.  Plaintiff may challenge any or all confidential
14  designations of DePuy by written notice in accordance with this paragraph.  If plaintiffs
15  elect to challenge any designation of confidentiality of any material or information
16  pursuant to this Order, said party shall begin the process by conferring directly (in voice
17  to voice dialogue; other forms of communication are not sufficient).  In conferring, the
18  challenging Party must explain the basis for its belief that the confidentiality designation
19  was not proper and must give the designating party an opportunity to review the
20  designated material, to reconsider the circumstances, and change the designation.  Should
21  DePuy not voluntarily remove such designation after the meet and confer process, DePuy
22  may then file a written motion with the Court for an order determining confidentiality,
23  accompanied by one copy of each document, response, or other portion of transcript
24  challenged.  The motion and accompanying materials shall be filed under seal as
25  provided herein, and the confidentiality of such materials or information shall remain
26  protected until the Court shall order otherwise.  The parties shall attempt to resolve any
27  such challenge by agreement prior to the time for filing such a motion as herein provided.
28        8.     If, in connection with any motion or other proceeding except trial, any party

DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104

4

SF1\373902\1  STIPULATION AND PROTECTIVE ORDER        CASE NO. C 05 4313 JCS

intends to offer into evidence any documents claimed to be confidential by DePuy, such evidence shall be lodged with the Court in accordance with Civil Local Rule 79-5. The plaintiffs shall be entitled to identify and use documents for trial purposes regardless of confidentiality designations, provided that for any documents identified on the Plaintiffs' Exhibit List for use at trial, DePuy shall be entitled to seek appropriate protection, by motions *in limine* or otherwise, for any document so identified.

9. Upon final termination of this action, whether by judgment, settlement or otherwise, upon written request from counsel for DePuy, counsel for plaintiffs shall return to counsel for DePuy all materials and all copies thereof in his possession or subject to his control (including but not limited to materials furnished to consultants and/or experts) that were designated by DePuy as confidential material in accordance with this Stipulation & Protective Order and/or, in the alternative, execute an affidavit or declaration affirming based on personal knowledge that all copies of such materials, including copies upon which any notes have been made, have been destroyed.

**STIPULATED TO and CONSENTED TO BY:**

Dated: August 10, 2006          MOORE & BROWNING

                                 */s/ MICHAEL B. MOORE*
                                 _____
                                 MICHAEL B. MOORE
                                 595 Market Street, Suite 1320
                                 San Francisco, CA 94105
                                 Telephone: (415) 956-6500
                                 Facsimile: (415) 591-6580

                                              and

| | | |
|---|---|---|
| 1 | Dated: August 10, 2006 | MAGLIO LAW FIRM |
| 2 | | |
| 3 | | /s/ *ALTOM M. MAGLIO* |
| 4 | | ALTOM M. MAGLIO<br>2480 Fruitville Road, Suite 6<br>Sarasota, FL 34237<br>Telephone: (941) 952-5242<br>Facsimile: (941) 952-5042 |
| 6 | | Attorneys for Plaintiffs,<br>THOMAS J. GALLAGHER and<br>KATHLEEN ANN GALLAGHER |
| 8 | | And |
| 9 | Dated: August 10, 2006 | DRINKER BIDDLE & REATH LLP |
| 11 | | /s/ *MICHELLE A. CHILDERS* |
| 12 | | MICHELLE A. CHILDERS<br>50 Fremont, 20th Floor<br>San Francisco, CA 94105-2235<br>Telephone: (415) 591-7500<br>Facsimile: (415) 591-7510 |
| 14 | | and |
| 16 | | Michael R. Conner<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, Indiana 46204<br>(317) 236-1313 |
| 19 | | Attorneys for Defendants<br>DePUY ORTHOPAEDICS, INC. and<br>WILLIAM FRANCIS GILES |

**SO ORDERED**, this __11th__ day of __August__, 2006.

*[signature]*
Judge Jeffrey S. White

DRINKER BIDDLE & REATH LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104

SF1\373902\1

6

STIPULATION AND PROTECTIVE ORDER    CASE NO. C 05 4313 JCS

# **CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulation & Protective Order executed by the attorneys of record for the parties in the action presently pending In The United States District Court Northern District of California, entitled. Thomas J. Gallagher and Kathleen Ann Gallagher, Plaintiffs, vs. DePuy Orthopaedics, Inc., et al, Defendants, Case No. C 05 4313 JCS, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Dated: _____, 2006      By _____